**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

**KATHLEEN LAMOTHE,**
***Plaintiff***

**VS.** **C.A.NO.:** 06-08T

**SIMON CHEVROLET-BUICK, LTD, and FRED L. SIMON JR., PRESIDENT OF SIMON CHEVROLET-BUICK, LTD, and personally, in his CAPACITY AS ADMINISTRATOR OF SIMON VHEVROLET-BUICK'S LTD EMPLOYEE HEALTH INSURANCE PLAN.**
*Defendants*

# COMPLAINT

1. Plaintiff Kathleen Lamothe ("Lamothe") is a resident of Lincoln, Rhode Island and a former employee of Simon Chevrolet-Buick, Ltd.
2. Defendant Simon Chevrolet-Buick, Ltd., ("the Dealership") is a Rhode Island corporation, which deals in new and used automobiles, with a place of business in Woonsocket, Rhode Island.
3. Fred Simon, Jr., ("Simon") is the president of Simon-Chevrolet-Buick, and in that capacity is responsible for the maintaining the employee group health insurance.
4. This Honorable court has jurisdiction to hear and decide this matter pursuant to the Consolidated Omnibus Budge Reconciliation Act of 1986 (COBRA) § 29 U.S.C. 1162.
5. Lamothe, upon termination from her position at the Dealership was given the opportunity to remain a member of the Dealership's group health plan, Blue Cross of Rhode Island, pursuant to the provisions of COBRA.

6. Lamothe accepted the opportunity, and made an agreement with Simon and the Dealership to make timely, monthly payments to maintain her coverage.

7. Lamothe adhered to this agreement. She mailed a check each month to Simon beginning in August 2004.

8. Lamothe always paid her health insurance bill in a timely manner. She was never late, never missed a payment and her checks always cleared.

9. Despite this record of payment Lemothe's proffered payment for August 2005 was returned to her by the United States Postal Service unopened, marked delivery refused by the addressee.

10. Lamothe made an inquiry to Blue Cross and found her name hade been removed from the list of individual covered by the Dealership's group health plan.

11. Upon information and belief Lamothe believes her removal from the health insurance plan was motivated by a desire to punish her for her association with other former employees of the Dealership.

12. Lamothe sought legal advice. Her counsel took a new check from her and mailed the August payment to the Dealership and Simon under his own letterhead. Though the letter was signed for, it to was returned unopened.

13. Lamothe made a third effort to make the August payment. On August 15, 2005 Lemothe's husband appeared at the Dealership's business office and offered the payment to a cashier in the form of a money order. The cashier accepted the instrument.

14. Lamothe eventually had her coverage restored after many anxious days. In the interim Lamothe learned that employees of the Dealership were informing Blue

Cross that Lemothe's coverage was terminated because she wrote "bad checks", which was an untrue.

15. On August 22, 2005 sent the Dealership a cashier's check by certified mail representing her September 2005 payment.
16. The letter was returned refused, unopened on August 24, 2005.
17. Lamothe was once again unlawfully removed from the Dealership's group health plan.
18. Simon and the Dealership have refused all attempts to communicate with them on this issue.
19. Lamothe has been unlawfully denied her right to continued health care coverage under Cobra due to the will refusal of Simon and the Dealership to comply with the law.
20. Lamothe has never made late payments, or failed to pay, or engaged in fraud, or become covered by another health plan, or become eligible for Medicare coverage, any of which would allow her coverage to be terminated.
21. Upon information and belief the Dealership and Simon have not eliminated the Dealership's group health insurance program, which would, had it occurred, allowed for termination of Lemothe's benefits.
22. Defendants' actions have forced Lamothe to acquire new health insurance coverage for herself at a that is both more expensive and less complete than her Dealership coverage..
23. Lemothe's lack of insurance and anxiety about coverage have caused her to cancel appointments and postpone necessary medical procedures.

WHEREFORE, your Plaintiff seeks:

1. Damages of one hundred ($100.00) dollars a day levied upon the defendant Dealership for each day it has failed to comply with its obligation to provide health insurance to Lamothe.

2. Damages of one hundred ($100.00) dollars a day levied upon defendant Simon personally for his refusal, as administrator of the Dealership's health insurance plan, to continue Lamothe's coverage

3. Plaintiff's other monetary damages sustained be her as she was forced to purchase a new, more expensive health insurance plan.

4. Her reasonable attorney's fees and costs.

5. Any other relief consistent with statute that this Honorable Court deems necessary to in the interest of justice.

Respectfully submitted,
KATHLEEN LAMOTHE
By her attorney,

Jan. 5 2006

Kenneth D. Haupt

Kenneth D. Haupt #5739
127Dorrance Street, Suite 7A
Providence, RI 02903
(401) 453-1355