# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KATHLEEN LAMOTHE,<br>Plaintiff<br><br>v.<br><br>SIMON CHEVROLET-BUICK, LTD, AND FRED L. SIMON JR., PRESIDENT OF SIMON CHEVROLET-BUICK, LTD, AND PERSONALLY, IN HIS CAPACITY AS ADMINISTRATOR OF SIMON CHEVROLET-BUICK'S LTD EMPLOYEE HEALTH INSURANCE PLAN,<br>Defendants | C.A. No. 06-08T |

## DEFENDANT'S MOTION TO DISMISS

Defendants, Simon Chevrolet-Buick, Ltd., and Fred L. Simon Jr., move this honorable Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiff's Complaint to the extent that it seeks damages in the amount of $100 per day. As grounds therefor, Defendants assert that Plaintiff does not set out the legal basis for her claims for this relief and no such legal or factual basis exists that would entitle her to such a remedy. In support of this motion, Defendants rely on their Memorandum in Support of Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, filed herewith.

SIMON CHEVROLET-BUICK, LTD, AND FRED L. SIMON JR., PRESIDENT OF SIMON CHEVROLET-BUICK, LTD, AND PERSONALLY, IN HIS CAPACITY AS ADMINISTRATOR OF SIMON CHEVROLET-BUICK'S LTD EMPLOYEE HEALTH INSURANCE PLAN

BY THEIR ATTORNEYS,

PARTRIDGE SNOW & HAHN LLP

Howard A. Merten (#3171)
Carolyn P. Medina (#7109)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: February 14, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing MOTION TO DISMISS was faxed and mailed, postage prepaid, on this 14th day of February, 2006 to:

Kenneth D. Haupt, Esq.
127 Dorrance Street, Suite 7-A
Providence, RI 02903
(401) 453-1355
(401) 453-6670 FAX

840578_1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

KATHLEEN LAMOTHE,
Plaintiff

v.

SIMON CHEVROLET-BUICK, LTD, AND FRED L. SIMON JR., PRESIDENT OF SIMON CHEVROLET-BUICK, LTD, AND PERSONALLY, IN HIS CAPACITY AS ADMINISTRATOR OF SIMON CHEVROLET-BUICK'S LTD EMPLOYEE HEALTH INSURANCE PLAN,
Defendants

C.A. No. 06-08T

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### I. INTRODUCTION

Defendants, Simon Chevrolet-Buick, Ltd., (the "Dealership") and Fred L. Simon Jr., ("Simon") submit this memorandum in support of their Motion to Dismiss pursuant to F.R.Civ.P. 12(b)(6). Plaintiff seeks the remedy of $100 per day damages from both the Dealership and from Simon personally. Under any potential set of facts, Plaintiff, as a matter of law, is not entitled to either of these forms of relief. Defendants therefore respectfully request that these claims be dismissed for failure to state a claim upon which relief can be granted.

### II. STANDARD OF REVIEW

In evaluating a motion to dismiss, a court will assume that all facts alleged in the Plaintiff's complaint are true and will draw all reasonable inferences in a light most favorable to the Plaintiff. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). "[T]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

Conley v. Gibson, 355 U.S. 41, 45, (1957). Defendants will not succeed on their motion if "the well-pleaded facts, taken as true, justify recovery on any supportable legal theory." Cruz v. Melecio, 204 F.3d 14, 21 (1st Cir. 2000).

## III. FACTS

Assuming, for purposes of this motion only, that all of Plaintiff's allegations set out in her complaint are true, Plaintiff's material allegations are:

1. Upon termination from her position at the Dealership, Plaintiff was given the opportunity to remain a member of the Dealership's group health plan, pursuant to the provisions of COBRA. (Complaint Paragraph 5).

2. Plaintiff accepted that opportunity and agreed to send timely monthly payments to the Dealership to maintain her coverage. (Complaint Paragraph 6.)

3. Plaintiff adhered to this agreement and mailed checks each month beginning in August of 2004. (Complaint Paragraph 7).

4. Plaintiff was unlawfully removed from the Dealership's group health plan. (Complaint Paragraph 17).

## IV. ARGUMENT

Defendants dispute the facts set forth above as to Plaintiff's adherence to the terms of her agreement to make timely payments to the Dealership. However, even assuming that she did so, and even assuming that her termination from the group health insurance plan was unlawful, Plaintiff is still not entitled to $100 per day damages against the Dealership or Simon personally. Plaintiff does not indicate the legal basis for her prayers for relief, but there are two potential statutory bases for Plaintiff's claims, neither of which apply to this case.

**1. There is no private cause of action for Plaintiff to collect the $100 per day excise tax under the COBRA provisions of the Internal Revenue Code.**

Plaintiff's claim for damages of $100 per day against the Dealership appears to be based on 26 U.S.C. 4980B(b)(1) (the enactment of COBRA in the Internal Revenue Code) which provides that:

> "In general. The amount of the tax imposed by subsection (a) on any failure [to satisfy continuation coverage requirements of group health plans] with respect to a qualified beneficiary shall be $100 for each day in the noncompliance period with respect to such failure."

This provision is found in the Internal Revenue Code, Subtitle D, Miscellaneous Excise Taxes. The $100 per day "penalty" is, in fact, a tax. There is no private right of action in a "qualified beneficiary" to enforce tax laws or collect this tax. Tax laws are enforced, and taxes are collected, by the Internal Revenue Service, unless the law explicitly provides otherwise. See Alexander v. Sandoval, 532 U.S. 275, 286-287 (2001). COBRA contains no provision for a private right of action, and therefore Plaintiff has no standing to enforce the Internal Revenue Code.

**2. Plaintiff has not alleged any actions which would entitle her to the $100 per day damages provided under the COBRA provisions of ERISA.**

Alternatively, 29 U.S.C. § 1132 provides a $100 per day penalty for certain violations of COBRA, as enacted in the Employee Retirement Income Security Act of 1974, as amended ("ERISA") 29 U.S.C. 1132(c) provides that:

> any administrator who fails to meet the requirements of [29 U.S.C. 1166(a)(1) or (4), § 1021(e)(1) or § 1021(f)] ...or who fails or refuses to comply with a request for any information which such administrator is required by this title to furnish to a participant or beneficiary... may in the court's discretion be personally liable to such participant or beneficiary in the amount of $100 a day...

29 U.S.C § 1132(c)(1)(A) and (B).

Of the statutory provisions cited in this section, only 29 U.S.C. 1166(a)(1) and (4) deal with COBRA[1]. Both of these provisions deal solely and exclusively with an administrator's duty to give a beneficiary various types of information. Plaintiff makes no allegations that the administrator failed to provide the information[2] required under these provisions, to wit:

- 29 U.S.C. 1166(a)(1) requires an administrator to give a beneficiary notice of the beneficiary's rights under the plan at the time of commencement of coverage under the plan;
- 29 U.S.C. 1166(a)(4) requires an administrator to give a beneficiary notice of the beneficiary's rights under the plan at the time of a "qualifying event"(termination)

Plaintiff has not alleged any violation of either of these COBRA provisions. Plaintiff admits in her complaint that she was informed of her COBRA rights (Complaint at Paragraph 5) and that she elected to exercise those rights. As a result, the $100 per day fine provided by 29 U.S.C. § 1132(c) does not apply. Plaintiff is, again, not entitled to this remedy and her claim for this relief must be dismissed.

[1] 29 U.S.C. 1021(e)(1) requires an administrator to notify plan participants if excess pension assets are transferred to health benefits accounts, and 29 U.S.C. § 1021 (f) requires a multi-employer defined benefit plan administrator to provide annual notices to participants and beneficiaries of certain information. Neither of those sections applies here.

[2] In fact, the evidence will show at an appropriate juncture in these proceedings that plaintiff rejected certified mail sent to her by defendant.

## V. **CONCLUSION**

Plaintiff's Complaint fails, under any set of facts, to state a private right of action under the COBRA provisions of the Internal Revenue Code or to demonstrate that she is entitled to damages in the amount of $100 per day under ERISA. Plaintiff therefore fails to state a claim upon which relief can be granted. Pursuant to Fed. R. Civ. Pro. 12(b)(6), Plaintiff's claims under COBRA and the prayer for relief of $100-a-day fines should be dismissed, with prejudice.

SIMON CHEVROLET-BUICK, LTD, AND FRED L. SIMON JR., PRESIDENT OF SIMON CHEVROLET-BUICK, LTD, AND PERSONALLY, IN HIS CAPACITY AS ADMINISTRATOR OF SIMON CHEVROLET-BUICK'S LTD EMPLOYEE HEALTH INSURANCE PLAN

BY THEIR ATTORNEYS,

PARTRIDGE SNOW & HAHN LLP

Howard A. Merten (#3171)
Carolyn P. Medina (#7109)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: February 14, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing MOTION TO DISMISS was faxed and mailed, postage prepaid, on this 14th day of February, 2006 to:

Kenneth D. Haupt, Esq.
127 Dorrance Street, Suite 7-A
Providence, RI 02903

______________________

841288_1/5136-2\