# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KATHLEEN LAMOTHE,<br>Plaintiff<br><br>v.<br><br>SIMON CHEVROLET-BUICK, LTD, AND FRED L. SIMON JR., PRESIDENT OF SIMON CHEVROLET-BUICK, LTD, AND PERSONALLY, IN HIS CAPACITY AS ADMINISTRATOR OF SIMON CHEVROLET-BUICK'S LTD EMPLOYEE HEALTH INSURANCE PLAN,<br>Defendants | C.A. No. 06-08T |

## ANSWER OF DEFENDANTS

1. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 of Plaintiff's complaint. To the extent a further response is required, denied.

2. Admitted.

3. Admitted that Fred Simon, Jr. is president of Simon Chevrolet-Buick; any remaining allegations of this paragraph are denied.

4. Paragraph 4 is a legal conclusion and as such no response is required. To the extent a further response is required, denied.

5. Admitted.

6. Admitted that plaintiff initially accepted to exercise her rights under COBRA and except as so admitted, any remaining allegations of this paragraph are denied.

7. Denied.

8. Denied.

9. Defendants deny the claim that Lamothe had a perfect record of payment, admit that the Dealership did not accept delivery of correspondence from Lamothe after August 1, 2005, but did so in direct response to Lamothe's prior refusal to accept correspondence from defendant, and deny any remaining allegations in paragraph 9.

10. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 of Plaintiff's complaint. To the extent a further response is required, denied.

11. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 of Plaintiff's complaint insofar as they allege what plaintiff believes. Defendants deny the substantive allegations of this paragraph.

12. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 that Plaintiff sought advice of counsel and actions taken by counsel on Plaintiff's behalf. Defendant admits that the Dealership signed for a certified letter from Kenneth Haupt, Esq. but did not open the letter and returned the letter to the post office, and denies any remaining allegations of this paragraph.

13. Defendants admit that a cashier at the Dealership accepted a money order for payment of LaMothe's August COBRA payment on August 15, 2005. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 13 of Plaintiff's complaint. To the extent a further response is required, denied.

14. Defendants admit that the Dealership restored LaMothe's Blue Cross coverage in August, 2005 upon receipt of payment. The remaining allegations in paragraph 14 are denied.

15. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 of Plaintiff's complaint. To the extent a further response is required, denied.

16. Admitted that the Dealership was were no longer accepting certified mail from the Plaintiff as of August 2005, as a result of plaintiff's prior refusal to accept certified mail from Defendant. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 16 of Plaintiff's complaint. To the extent a further response is required, denied.

17. Admitted that Plaintiff was removed from the Dealership's group health plan due to non-payment. The remaining allegations in paragraph 17 of Plaintiff's complaint are denied.

18. Denied.

19. Denied.

20. Denied.

21. Admitted.

22. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22 of Plaintiff's complaint. To the extent a further response is required, denied.

23. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23 of Plaintiff's complaint. To the extent a further response is required, denied.

**Affirmative Defenses**

1. The Plaintiff's complaint fails to state a claim upon which relief can be granted.

2. Plaintiff lacks standing to bring this claim to the extent said claim attempts to enforce rights under COBRA, except as allowed by statute.

3. The Plaintiff's complaint should be dismissed because Plaintiff comes to court with unclean hands.

4. Plaintiff has failed to properly mitigate her damages.

5. Plaintiff's complaint is barred by the doctrine of waiver.

6. Plaintiff's complaint is barred by the doctrine of estoppel.

SIMON CHEVROLET-BUICK, LTD, AND FRED L. SIMON JR., PRESIDENT OF SIMON CHEVROLET-BUICK, LTD, AND PERSONALLY, IN HIS CAPACITY AS ADMINISTRATOR OF SIMON CHEVROLET-BUICK'S LTD EMPLOYEE HEALTH INSURANCE PLAN

BY THEIR ATTORNEYS,

PARTRIDGE SNOW & HAHN LLP

Howard A. Merten (#3171)
Carolyn P. Medina (#7109)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: February 22, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing ANSWER OF DEFENDANTS was mailed, postage prepaid, on this 22d day of February, 2006 to:

Kenneth D. Haupt, Esq.
127 Dorrance Street, Suite 7-A
Providence, RI 02903

839604_1/5136-2